UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JAY ABBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10CV00032 MLM |
| | ) | |
| MATTHEW W. OLLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 177435), an inmate at Algoa Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $29.80. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $149.00, and an average monthly balance of $50.21. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $29.80, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Matthew Oller (Task Force Officer, Narcotic/Vice); Robert Davis (Sheriff, Montgomery County); Charles Meador (Deputy); Michael S. Goveia (Deputy); Victor Wiser (Deputy); Kelly Broniec (Assoc. Circuit Judge); Roy Richter (Judge); Keith Sutherland (Judge); Christina McKee (Probation and Parole Officer); and David Wren (Probation and Parole Officer). Plaintiff is suing each of the defendants in their individual capacities.

Plaintiff asserts that defendant Oller entered plaintiff's mother's premises in June of 2005 and executed a search of the premises without his mother's permission or probable cause. Plaintiff claims that at the time of the search he was living on his mother's property in a trailer, which was separate and distinct from the house. Notwithstanding his separate residence, plaintiff claims that he was arrested for possession of narcotics when defendant Oller found cocaine in his mother's house. Plaintiff claims that after finding the cocaine, defendant Oller came to arrest him at the trailer and gave him a shirt to wear which did not belong to him. Plaintiff claims that when he was booked at the jail, he was then given a second charge for possession of cocaine, which was found in the pocket of the shirt he was wearing. Plaintiff asserts that the cocaine was planted by defendant Oller, and he alleges defendant Oller

fabricated all of the charges against him, as evidenced by the fact that the charges were dismissed almost three years after his arrest.

Plaintiff asserts that defendant Davis, Sheriff of Montgomery County, failed to properly supervise defendant Oller, knowing that he had previously been charged with falsifying evidence/giving false testimony. Plaintiff also claims that defendant Davis acted unlawfully by placing him in administrative segregation without due process and subjecting him to gross unsanitary conditions including: (1) only allowing him to shower once in 23 days; (2) not providing him with toilet paper; (3) not allowing underwear; (4) being made to wear the same pants and shirt for 23 days; (5) depriving him of mattress, bedding and toiletries; (6) feeding him minimal amounts of food; and (7) denying him access to his legal counsel and legal materials.

Plaintiff alleges defendant Broniec, who was the prosecuting attorney in 2005, conspired with defendant Oller in authorizing a warrant for plaintiff's arrest based on false information from defendant Oller. Plaintiff additionally claims that defendant Broniec maliciously prosecuted him for three years, knowing he was innocent, until she was replaced by a new prosecuting attorney, who dismissed his case.

Plaintiff claims that defendant McKee and defendant Wren, his probation officers, believed, based on plaintiff's false arrest and defendant Broniec's prosecution of plaintiff, that the state had a legitimate case against plaintiff and falsely

recommended revocation of plaintiff's probation. Plaintiff claims that defendants McKee and Wren should have waited to recommend revocation of his parole until he was proven guilty of the allegations. Plaintiff also asserts that McKee and Wren "conspired together to hold [his revocation] hearing prematurely," without telling plaintiff beforehand, which prejudiced plaintiff in that he had no time to gather witnesses and ensure his attorney could attend. Plaintiff asserts that he was deprived counsel during the revocation hearing, as well as his "right to have his hearing conducted in the sentencing court, in front of a Judge," as a result of McKee and Wren's actions.

Plaintiff alleges that defendant Richter, the Judge who signed the arrest warrant for defendant Oller, acted unlawfully when he signed the warrant. Plaintiff claims that defendant Richter, as well as defendant Sutherland, acted unlawfully by increasing his bail, refusing to allow him to post bail due to a probation violation, and entering an order restraining plaintiff from returning to his mother's home. Plaintiff also disagrees with defendant Sutherland's attempts to talk him out of representing himself in his criminal action, as well as his ordering a psychiatric examination of plaintiff.

Plaintiff claims that defendants Meador, Wiser, and Goveia, deputies in the Sheriff's Department, acted unlawfully by failing to intercede with defendant Oller's

prosecution of plaintiff because they should have known that plaintiff did not live in his mother's house and that the only occupant in his mother's home was another parolee, John Cardwell.

Plaintiff seeks both monetary and injunctive relief in this action.

## Discussion

Plaintiff's claims against defendants Oller and Broniec for lack of probable cause/improper search, conspiracy and malicious prosecution survive initial review. Plaintiff's claims against defendant Davis for improperly supervising defendant Oller, as well as violating plaintiff's due process rights during his time in administrative segregation also survive initial review. Plaintiff's claims against defendants McKee and Wren, for purportedly falsely recommending and pursuing revocation of plaintiff's supervised release, as well as "conspiring" together to hold his revocation hearing early so that he could not present witnesses and/or counsel, additionally survive initial review at this time.

However, plaintiff's claims against defendants Meador, Wiser, and Goveia, deputies in the Sheriff's Department, for purportedly acting unlawfully by failing to intercede with defendant Oller's arrest and prosecution of plaintiff fail to survive initial review under § 1915. Plaintiff's allegations against these individuals are based on mere supposition of what these officers "should have known," and cannot form the basis for

a constitutional claim. See Iqbal,129 S. Ct. 1949 ("legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" cannot form the basis for a cause of action).

Similarly, all of plaintiff's claims against defendant judges Richter and Sutherland are legally frivolous because they are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $29.80 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Oller, Broniec, Davis, McKee and Wren.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Oller, Broniec, Davis, McKee and Wren shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Meador, Wiser, Goveia, Sutherland, and Richter because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

So Ordered this 17th day of August, 2010.

/s/ E. Richard Webber
_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE